UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL DARIO TREVINO,

    Plaintiff,

 v

MICHAEL TEACHOUT, CRAIG EDMONDSON, AMY BRETES, JACKSON NARCOTICS ENFORCEMENT TEAM, a government entity organized under the laws of the State of Michigan,

    Defendants.

File No. 5:16-cv-14338

HON. JOHN CORBETT O'MEARA

**DEFENDANT JNET'S MOTION FOR SUMMARY JUDGMENT**

---

| | |
|---|---|
| J. NICHOLAS BOSTIC (P40653)<br>Attorney for Plaintiff<br>909 N. Washington Avenue<br>Lansing, MI  48906<br>(517) 706-0132<br>barristerbostic@att.net | GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>McGRAW MORRIS P.C.<br>Attorneys for Def. JNET<br>2075 W. Big Beaver Road, Suite 750<br>Troy, MI  48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com |
| ANDREW J. BREGE (P71474)<br>Johnson Rosati Schultz & Joppich, P.C.<br>Attorney for Def. Bretes<br>822 Centennial Way, Suite 270<br>Lansing, MI  48917<br>(517) 886-3800<br>abrege@jrsjlaw.com | AUDREY J. FORBUSH (P41744)<br>Plunkett & Cooney<br>Attorney for Def. Edmondson<br>111 E. Court St., Suite 1B<br>Flint, MI  48502<br>(810) 342-7014<br>aforbush@plunkettcooney.com |

JOHN G. FEDYNSKY (P65232)
Michigan Dept. of Attorney General
Attorney for Def. Teachout
525 W. Ottawa Street
P. O. Box 30736
Lansing, MI  48909
(517) 373-6434
fedynskyj@michigan.gov

**DEFENDANT JNET'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

NOW COMES Defendant, JACKSON NARCOTICS ENFORCEMENT TEAM ("JNET"), by and through its attorneys, McGRAW MORRIS, P.C., and respectfully request that this Honorable Court grant their Motion for Summary Judgment, pursuant to the Federal Rules of Civil Procedure 8, 12, and 56.

As set forth in the accompanying brief, even when accepting Plaintiff's allegations as true, JNET is entitled to dismissal and/or summary judgment because JNET is not a juridical entity capable of being sued, and even if it was, Plaintiff has failed to identify any JNET policy, custom or practice that caused the alleged constitutional deprivation.

Furthermore, defense counsel states that he has contacted Plaintiff's counsel to explain the nature of this Motion and has sought concurrence in the relief requested by this Motion, but that Plaintiff's counsel has not responded and/or not acquiesced in the relief requested herein.

WHEREFORE, for the reasons stated more fully in the brief attached to this Motion, Defendant, JACKSON NARCOTICS ENFORCEMENT TEAM, respectfully requests that this Honorable Court grant their motion, dismissing Plaintiff's Amended Complaint in its entirety as to JNET.

          Respectfully submitted,
          **McGRAW MORRIS P.C.**

          By: s/ G. GUS MORRIS
          G. GUS MORRIS (P32960)
          CHRISTOPHER J. RAITI (P68600)
          Attorneys Defendant JNET
          2075 W. Big Beaver Road, Suite 750
          (248) 502-4000
          gmorris@mcgrawmorris.com
          craiti@mcgrawmorris.com

Dated: August 29, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL DARIO TREVINO,

    Plaintiff,

                                          File No. 5:16-cv-14338

v

                                          HON. JOHN CORBETT O'MEARA

MICHAEL TEACHOUT, CRAIG
EDMONDSON, AMY BRETES,
JACKSON NARCOTICS ENFORCEMENT
TEAM, a government entity organized
under the laws of the State of Michigan,

    Defendants.

**BRIEF IN SUPPORT OF DEFENDANT JNET'S MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................................... ii

TABLE OF AUTHORITY ............................................................................... iii

ISSUES PRESENTED...................................................................................... iv

INTRODUCTION .............................................................................................1

STANDARD OF REVIEW ...............................................................................1

ARGUMENT .....................................................................................................1

   I.   JNET IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT IS NOT A SEPARATE LEGAL ENTITY THAT MAY BE SUED............................4

   II.   EVEN IF JNET WERE A CAPABLE OF BEING SUED, DISMISSAL IS WARRANTED BECAUSE PLAINTIFF FAILED TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM UNDER *MONELL*. ............................7

CONCLUSION ..................................................................................................9

# **TABLE OF AUTHORITY**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242; 106 S. Ct. 2505; 91 L. Ed. 2d 202 (1986) ................................................................................................................ 4
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 1, 2, 8
*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ............. 3, 6
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................... 1, 2
*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016) ............................................... 8
*Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009) ................................... 4
*City of Canton v. Harris,* 489 U.S. 378; 109 S.Ct. 497; 103 L.Ed.2d 412 (1989) .... 7
*Erickson v. Pardus,* 551 U.S. 89 (2007) ................................................................... 2
*Evans v. Pearson Enter., Inc.,* 434 F.3d 839 (6th Cir. 2006) .................................... 2
*Frazier v. Michigan*, 41 F. App'x 762 (6th Cir. 2002) ............................................... 2
*Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004) ................................................................................................................... 8
*League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523 (6th Cir. 2007) ..... 1
*Manuel v. Gill,* 481 Mich. 637 (2008) .................................................................. 4, 5
*Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............... 3
*Matthews v. Jones,* 35 F.3d 1046 (1994) .................................................................. 7
*Monell v. Dept. of Soc. Svcs,* 436 U.S. 658 (1978) ................................................... 7
*Nernberg v. Pearce*, 35 F.3d 247 (6th Cir. 1994) ..................................................... 3
*Palmer v. Manor Care, Inc.,* 11 F. App'x 567 (6th Cir. 2001) ................................... 2
*Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429 (6th Cir. 2012) ................... 2
*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) .................................. 3

**Statutes**

M.C.L. 124.507 .................................................................................................... 5, 6
Urban Cooperation Act, M.C.L. 124.501 (the "UCA"), *et seq.* ............................ 4, 5

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 1
Fed. R. Civ. P. 12(b)(6) ............................................................................................. 2
Fed. R. Civ. P. 56(c) ................................................................................................. 3

# **ISSUES PRESENTED**

I. WHETHER THE JACKSON NARCOTICS ENFORCEMENT TEAM (JNET) IS A JURIDICAL ENTITY CAPABLE OF BEING SUED.

II. EVEN IF JNET IS A JURIDICAL ENTITY, WHETHER IT IS ENTITLED TO DISMISSAL BECAUSE PLAINTIFF'S SOLE COUNT AGAINST IT FAILS TO STATE A VIABLE CLAIM.

## **INTRODUCTION**

In his Amended Complaint, Plaintiff has filed four claims under the Fourth Amendment to the U.S. Constitution against three individual officers who were members of the Jackson Narcotics Enforcement Team ("JNET"). In addition, Plaintiff has one claim against JNET alleging that JNET, as the "seizing law enforcement agency" should be held liable under the Fourth Amendment for purportedly improperly seizing assets that were subject to civil forfeiture proceedings.

As set forth in this brief, JNET is entitled to summary judgment on the claims against it because it is not a juridical entity capable of being sued. Alternatively, JNET is entitled to dismissal as Plaintiff's Amended Complaint fails to state a viable claim against JNET.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Its allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 550 U.S. at

555–56). In other words, a complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, quoting *Twombly,* 550 U.S. at 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint will be dismissed where it "fail[s] to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, including whether the plaintiff's claims are barred by the affirmative defense of collateral estoppel. *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 434–35 (6th Cir. 2012), citing *Evans v. Pearson Enter., Inc.,* 434 F.3d 839, 849–50 (6th Cir. 2006) and *Palmer v. Manor Care, Inc.,* 11 F. App'x 567, 569 (6th Cir. 2001) (both affirming the dismissal of the plaintiff's complaint under Rule 12(b)(6) on collateral estoppel grounds.

In deciding a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting all well-pled factual allegations in the complaint as true. *Id.; see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "[t]he court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (collecting cases; internal citations omitted).

When presented with a Rule 12(b)(6) motion, a court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Defendants also bring this Motion pursuant to Fed. R. Civ. P. 56(c). Under Rule 56(c), summary judgment is properly granted when the moving party has shown the absence of a genuine issue of material fact as to essential elements of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); s*ee also Nernberg v. Pearce*, 35 F.3d 247, 249 (6th Cir. 1994). The non-moving party must present some affirmative evidence supporting its position to defeat an otherwise appropriate motion for summary judgment. *Matsushita Elect. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574 (1986).

> [T]o withstand a properly supported motion for summary judgment, plaintiff must do more than rely merely on the allegations of her pleadings or identify a "metaphysical doubt" or hypothetical "plausibility" based on a lack of evidence; she is obliged to come forward with "specific facts," based on "discovery and disclosure materials on file, and any affidavits," showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

> To make out a *genuine* issue of material fact, plaintiff must present significant probative evidence tending to support her version of the facts, *evidence* on which a reasonable jury could return a verdict for her. *Scott* [*v. Harris*, 550 U.S. 370, 380-381 (2007)] (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

*Chappell v. City of Cleveland*, 585 F.3d 901, 912-913 (6th Cir. 2009).

## ARGUMENT

### I.   JNET IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT IS NOT A SEPARATE LEGAL ENTITY THAT MAY BE SUED.

In his Amended Complaint, Plaintiff seeks to impose liability under 42 U.S.C. §1983 for purported Fourth Amendment violations allegedly committed by JNET. However, under current Michigan law, JNET is not a separate legal and, therefore, it is not a juridical entity capable of being sued.

Under Michigan law, task forces such as JNET that are created pursuant to the Urban Cooperation Act, M.C.L. 124.501 (the "UCA"), *et seq.,* are capable of being sued only if they are separate juridical entities. In 2008, the Michigan Supreme Court ruled that the UCA's plain language authorized suits against those task forces created under the UCA pursuant to interlocal agreements. *Manuel v. Gill,* 481 Mich. 637, 646-47 (2008). Specifically, the Court relied on the express language of the prior version of the UCA that listed certain activities that were permitted versus the third sentence of the statute, which proclaimed, "The entity may sue and be sued in its own name." *Id.* (citing and quoting M.C.L.

4

124.507(2)). Perhaps most importantly, in 2008, the language of the UCA was silent on whether or not a separate legal entity was required and, therefore, the Court concluded that every interlocal agreement under the UCA created a separate legal entity. Thus, the holding of *Manuel* is twofold: (1) interlocal agreements under the UCA create a separate legal entity; and (2) that separate legal entity may be sued.

In 2014, the Michigan Legislature amended the UCA with the express goal of addressing whether or not every interlocal agreement under the UCA created a separate legal entity capable of suing or being sued, a/k/a a juridical entity. To remedy any confusion, the Legislature more specifically defined the sort of entity that may or may not be created by an interlocal agreement and named it "a separate legal entity." In relevant part, the revised language of the UCA now reads:

> (1) An interlocal agreement may provide for a separate legal entity to administer or execute the agreement which may be a commission, board, or council constituted pursuant to the agreement. **If an interlocal agreement does not expressly provide for a <u>separate legal entity</u>, then a separate legal entity shall not be created.** If an interlocal agreement does expressly provide for a separate legal entity, the entity shall be a public body, corporate or politic for the purposes of this act. The governing body of each public agency shall appoint a member of the commission, board, or council constituted pursuant to the agreement. That member may be removed by the appointing governing body at will. The separate legal entity shall not be operated for profit. No part of its earnings shall inure to the benefit of a person other than the public agencies that created it. Upon termination of the interlocal agreement, title to all property owned by the entity shall vest in the public agencies that incorporated it.

5

(2) … The **<u>separate legal entity</u>** may sue and be sued in its own name. M.C.L. 124.507 (emphasis added).

Thus, pursuant to Michigan statutory authority, an interlocal agreement creates a juridical entity capable of being sued if and only if that agreement expressly provides for a "separate legal entity."

In this case, the interlocal agreements establishing JNET do not expressly provide for a separate legal entity (Ex. 1, Affidavit of Derrick White).[1] In 2002, the participating entities of the Michigan State Police, Jackson County, City of Jackson and Blackman Township, entered into an interlocal agreement (Ex. A to Ex. 1, the "2002 Agreement"). Pursuant to the express terms of the 2002 Agreement, the participating entities did <u>not</u> create a separate legal entity (Ex. A to Ex. 1, at 1). The 2002 Agreement remained effective until a revised interlocal agreement was adopted in 2014 (Ex. B to Ex. 2, the "2014 Agreement"). Like the 2002 Agreement, the 2014 Agreement contained the same express language <u>not</u> creating any sort of juridical or separate legal entity (Ex. B to Ex. 2, at 1). Thus, pursuant to M.C.L. 124.507(1) and (2), JNET is not a juridical entity capable of

---

[1] While the interlocal agreements were not exhibits to Plaintiff's Amended Complaint, they are public records, are referred to in the Amended Complaint (Doc. #4, Pg ID 8, ¶8), and are central to the Plaintiff's claims against JNET. *Bassett,* 528 F.3d at 430.

suing or being sued because its interlocal agreements did not expressly create a "separate legal entity." Accordingly, JNET is entitled to summary judgment.

## II. EVEN IF JNET WERE A CAPABLE OF BEING SUED, DISMISSAL IS WARRANTED BECAUSE PLAINTIFF FAILED TO PLEAD FACTS SUFFICIENT TO STATE A CLAIM UNDER *MONELL*.

Even assuming for purposes of this argument only, that JNET was a juridical entity, JNET cannot be held liable for the actions of any of the individual task force officers; rather, JNET can only be held liable if the alleged constitutional violation was the result of an unconstitutional policy or custom. *Monell v. Dept. of Soc. Svcs,* 436 U.S. 658 (1978)*; Matthews v. Jones,* 35 F.3d 1046, 1049 (1994). In fact, a juridical municipal entity can be found liable only when the alleged unconstitutional act "implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by the body's officers." *Monell,* at 691. Indeed, even if it were a capable of being sued, JNET "cannot be held liable under §1983 on a *respondeat superior* theory." *Monell,* at 691. Rather, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional violation." It is Plaintiff's obligation to identify the alleged policy and show how he incurred injury from the execution of such policy. *City of Canton v. Harris,* 489 U.S. 378, 389 (1989). "This means that the plaintiff must show 'a direct causal link between the policy and the alleged constitutional violation such that the [municipal policy] can be deemed the moving force behind

7

the violation.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016), quoting *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (internal quotations omitted).

Furthermore, under Federal Rule of Civil Procedure 8, Plaintiff cannot merely assert the existence of an unidentified policy or failure to train. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 677-78. To this end, the Sixth Circuit recently confirmed that a plaintiff's claims based upon "speculative assertions" of a custom or policy under *Monell* should be dismissed where he has alleged no facts to suggest that the policies of which he complains actually exist. *Bickerstaff*, 830 F.3d at 402 (affirming the dismissal of the plaintiff's *Monell* claims of inadequate training and supervision).

In this case, Plaintiff has pled that JNET or those under JNET's direction violated the Fourth Amendment by seizing and disposing of Plaintiff's property (Doc. #4, Pg ID 19, ¶52). Plaintiff does not identify any JNET policy that allegedly caused the purported violation (Doc. #4, Pg ID 19, Count II).   Thus, Plaintiff's claim against JNET fails, as a matter of law, because: (1) it seeks to impose Fourth Amendment liability on JNET without identifying a policy, pattern, practice or custom that caused the alleged constitutional violation; and (2) it seeks to impose

8

Fourth Amendment liability under a theory of *respondeat superior*. Accordingly, even if JNET were a juridical entity, JNET is entitled to the dismissal of Count II.

## CONCLUSION

For these reasons, Defendant, Jackson Narcotics Enforcement Team ("JNET") respectfully requests that this Honorable Court grant its motion, thereby dismissing Plaintiff's Amended Complaint against it in its entirety, and grant it costs and reasonable and attorney fees for having to defend this action.

                                          Respectfully submitted,
                                          **McGRAW MORRIS P.C.**

                                          By: s/G. GUS MORRIS
                                          G. GUS MORRIS (P32960)
                                          CHRISTOPHER J. RAITI (P68600)
                                          Attorneys for Defendant JNET
                                          2075 W. Big Beaver Road, Suite 750
                                          Troy, MI   48084
                                          (248) 502-4000
                                          gmorris@mcgrawmorris.com
Dated:  August 29, 2017                 craiti@mcgrawmorris.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANIEL DARIO TREVINO,

    Plaintiff,

                                       File No. 5:16-cv-14338

v

                                       HON. JOHN CORBETT O'MEARA

MICHAEL TEACHOUT, CRAIG
EDMONDSON, AMY BRETES,
JACKSON NARCOTICS ENFORCEMENT
TEAM, a government entity organized
under the laws of the State of Michigan,

    Defendants.

**DEFENDANT JNET'S MOTION FOR SUMMARY JUDGMENT**

---

| | |
|---|---|
| J. NICHOLAS BOSTIC (P40653)<br>Attorney for Plaintiff<br>909 N. Washington Avenue<br>Lansing, MI  48906<br>(517) 706-0132<br>barristerbostic@att.net | GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>McGRAW MORRIS P.C.<br>Attorneys for Def. JNET<br>2075 W. Big Beaver Road, Suite 750<br>Troy, MI  48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com |
| ANDREW J. BREGE (P71474)<br>Johnson Rosati Schultz & Joppich, P.C.<br>Attorney for Def. Bretes<br>822 Centennial Way, Suite 270<br>Lansing, MI  48917<br>(517) 886-3800<br>abrege@jrsjlaw.com | AUDREY J. FORBUSH (P41744)<br>Plunkett & Cooney<br>Attorney for Def. Edmondson<br>111 E. Court St., Suite 1B<br>Flint, MI  48502<br>(810) 342-7014<br>aforbush@plunkettcooney.com |

JOHN G. FEDYNSKY (P65232)
Michigan Dept. of Attorney General
Attorney for Def. Teachout
525 W. Ottawa Street
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2017, I caused to be served a copy of the attached Defendant JNET's Motion for Summary Judgment, on behalf of Defendant, JACKSON NARCOTICS ENFORCEMENT TEAM ("JNET"), upon counsel of record, J. Nicholas Bostic, 909 N. Washington Avenue, Lansing, MI 48906, Andrew J. Berge, 822 Centennial Way, Suite 2709, Lansing, MI 48917, John Fedynsky, 525 W. Ottawa Street, Lansing, MI 48909, and Audrey J. Forbush, 111 E Court Street, Suite 1B, Flint, MI 48502, via United States District Court ECF System on the aforementioned date.

**McGRAW MORRIS P.C.**

By: s/ G. GUS MORRIS
G. GUS MORRIS (P32960)
CHRISTOPHER J. RAITI (P68600)
Attorneys for Def. JNET
2075 W. Big Beaver Road, Ste. 750
Troy, MI 48084
(248) 502-4000
gmorris@mcgrawmorris.com

11