UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL DARIO TREVINO,

     Plaintiff,

                                    Case No. 16-14338

v.

                                    Hon. John Corbett O'Meara

MICHAEL TEACHOUT, *et al*,

     Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT
## JNET'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant Jackson Narcotics Enforcement Team's

motion for summary judgment. The court heard oral argument on January 31,

2018, and took the matter under advisement. For the reasons explained below,

Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Daniel Dario Trevino alleges several counts of unlawful search and

seizure against Defendants Michael Teachout, Craig Edmondson, Amy Bretes, and

the Jackson Narcotics Enforcement Team ("JNET"). Defendant JNET seeks

dismissal or summary judgment, primarily because it contends that it is not a

juridical entity capable of being sued.

## LAW AND ANALYSIS

Whether JNET is a juridical entity capable of being sued is determined by state law.  See Fed. R. Civ. P. 17(b).  JNET was created pursuant to the Urban Cooperation Act, M.C.L. 124.501 *et seq.*, and an interlocal agreement between the Michigan Department of State Police, Jackson County, the City of Jackson, and Blackman Township.  See Def.'s Ex. 1.  The Urban Cooperation Act ("UCA") provides that

> An interlocal agreement may provide for a separate legal
> entity to administer or execute the agreement which may
> be a commission, board, or council constituted pursuant
> to the agreement.  *If an interlocal agreement does not*
> *expressly provide for a separate legal entity, then a*
> *separate legal entity shall not be created.*

M.C.L. 124.507(1) (emphasis added).  Pursuant to the UCA, the "separate legal entity may sued and be sued in its own name." M.C.L. 124.507(2).

The interlocal agreement governing JNET provides that "the participating entities do not intend by this agreement to establish this task force or its command board as a separate legal or administrative entity under Section 7(1) of the Urban Cooperation Act, MCL 124.507(1) and have not therefore provided or otherwise established such an entity by the terms of this agreement." Def.'s Ex. 1.

The terms of the interlocal agreement expressly provide that JNET is not a separate legal entity.  Under the UCA, if "an interlocal agreement does not

expressly provide for a separate legal entity, then a separate legal entity shall not be created." M.C.L. 124.507(1).  Although Plaintiff argues that JNET behaves as a separate entity, he has not provided authority suggesting that this court may ignore the clear statutory and contractual language to the contrary.

Because JNET is not a separate legal entity capable of being sued, the court must dismiss JNET from this action.  See, e.g., Boykin v. Van Buren Twp., 479 F.3d 444, 450 (6th Cir. 2007) (affirming dismissal of city police department).

## ORDER

IT IS HEREBY ORDERED that Defendant JNET's motion for summary judgment is GRANTED.


s/John Corbett O'Meara
United States District Judge

Date:  February 6, 2018


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 6, 2018, using the ECF system.


s/William Barkholz
Case Manager